UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN HARRISON | CIVIL ACTION |
| VERSUS | NO. 07-8678 |
| BURL CAIN, WARDEN | SECTION "J"(4) |

### TRANSFER ORDER

Petitioner, JOHN HARRISON, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1999 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) He was denied the opportunity to present his defense when he was not allowed to read the police report to the jury;

2) There was insufficient evidence to convict him of the offense;

3) He was denied due process when the State prosecuted him for an offense that was not supported by probable cause and for which he was not arraigned; and

4) He was denied assistance of counsel.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled John Harrison v. Warden Burl Cain, Civil Action 02-3527 "J"(4). In that petition, petitioner raised the following grounds for relief:

1) He was denied due process because he was never arraigned on the charge of armed robbery before proceeding to trial; and

2) He was denied assistance of counsel at trial.

That petition was dismissed with prejudice on the merits by Judgment entered November 24, 2003. Petitioner appealed the judgment. The United States Fifth Circuit Court of Appeals denied his motion for a certificate of appealability. John Harrison v. Burl Cain, 03-31164 (5th Cir. 2004).[1]

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit

---

[1] Petitioner has filed several prior habeas petitions in this Court, including Civil Action No. 02-0635 "J"(4), which was dismissed without prejudice on November 5, 2002 for failure to exhaust state court remedies, as well as Civil Action Nos. 05-6436 "J"(4) and 07-5452 "J"(4), which were both deemed second or successive pursuant to 28 U.S.C.§2244. In Civil Action No. 05-6436, petitioner asserted that he was denied due process because he was never arraigned on the armed robbery charge before proceeding to trial. This petition was deemed second or successive and his motion for authorization to file the petition was denied by the United States Fifth Circuit Court of Appeals. In Civil Action No. 07-5452, petitioner claimed that he was denied assistance of counsel, he was denied due process because he was never arraigned on the armed robbery charge before proceeding to trial, and he was denied a fair trial when the State and defense counsel made false statements to the jury. This petition was also construed as a successive petition for habeas corpus relief pursuant to § 2254 and transferred to the United States Fifth Circuit Court of Appeals.

Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that JOHN HARRISON's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 10th day of December, 2007.

_____
UNITED STATES DISTRICT JUDGE